Judge Coughenour

FILED
LODGED
ENTERED
RECEIVED

FEB 9 2005

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR04-521C |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ALI MUHAMMAD BROWN, | |
| Defendant. | |

The United States of America, by and through John McKay, United States Attorney, and Carl Blackstone, Assistant United States Attorney for the Western District of Washington, and the defendant, Ali Muhammad Brown, and his attorney, Terrence Kellogg, enter into the following Agreement, pursuant to Rule 11(c), Federal Rules of Criminal Procedure.

1. The Charge

The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and to enter a plea of guilty to Count 1 of the Indictment, charging him with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 371. By entering this plea of guilty, the defendant hereby waives any and all objections to the filed charges predicated on the form of the charging Indictment. Defendant further understands that before entering his plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

04-CR-00521-STIP

PLEA AGREEMENT/BROWN
(BROWN.PA)
-1-
UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. <u>Elements of the Offense</u>

The defendant acknowledges that he understands the charge of conspiracy consists of the following elements:

    a. <u>Conspiracy - 18 U.S.C. § 371:</u>

        (1) There was an agreement between two or more persons to commit bank fraud;

        (2) The defendant willfully became a member of the conspiracy, knowing of the object of the agreement, and intending to help accomplish it; and

        (3) One of the members of the conspiracy performed at least one overt act in furtherance of the conspiracy and for the purpose of carrying out the conspiracy.

The defendant further acknowledges that the conspiracy to which he is pleading guilty involves an agreement to commit the substantive offense of bank fraud, and that the elements of that offense are as follows:

    b. <u>Bank Fraud - 18 U.S.C. § 1344:</u>

        (1) The defendant knowingly helped carry out a scheme or plan to obtain money or property from a bank by means of false and fraudulent pretenses, representations and promises;

        (2) The defendant knew that the representations and promises were false;

        (3) The representations and promises were material in that they would reasonably influence the bank to part with money or property;

        (4) The defendant acted with the intent to defraud; and

        (5) The bank was federally insured.

3. <u>The Penalties</u>

The defendant understands and acknowledges that the statutory penalties for the offense of conspiracy, as charged in Count One of the Indictment, are imprisonment for up to five (5) years, a fine of up to Two Hundred Fifty Thousand Dollars ($250,000.00), a period of supervision following release from prison of between two (2) and three (3) years, and a one hundred dollar ($100.00) penalty assessment. If the defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

PLEA AGREEMENT/BROWN
(BROWN.PA)
-2-
UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above

4.  **Rights Waived by Pleading Guilty**

The defendant understands and acknowledges that, by pleading guilty, the defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty, and to persist in a plea of not guilty;

b. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

c. The right to trial before a jury of the defendant's peers, and at that trial, the right to the effective assistance of counsel;

d. The right to confront and cross-examine witnesses against the defendant;

e. The right to compel or subpoena witnesses to appear on the defendant's behalf;

f. The right to testify or to remain silent at trial at which such silence could not be used against the defendant; and

g. The right to appeal a finding of guilty or any pretrial rulings.

PLEA AGREEMENT/BROWN
(BROWN.PA)

-3-

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

5. <u>United States Sentencing Guidelines.</u>  Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances and of the offense(s); (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the other factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Ultimate Sentence.</u>  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose. The parties have agreed, however, that the loss amount for purposes of calculating the applicable sentencing guideline range does not exceed Five Thousand dollars ($5,000.00). The parties further agree that the defendant should receive no other enhancements to his offense level under the sentencing guidelines. The United States

PLEA AGREEMENT/BROWN
(BROWN.PA)

-4-

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  will also recommend that the defendant receive a sentence of credit for time served. Further, the
2  United States will not oppose the defendant's release from custody at the time he enters his plea,
3  provided that the Court and Pretrial Services find that release is appropriate.

4      7.    <u>Restitution</u>. Defendant shall make restitution in an amount to be determined by the
5  Court but not to exceed $5,000.00, with credit for any amounts already paid. Said amount shall
6  be due and payable immediately and shall be paid in accordance with a schedule of payments as
7  set by the United States Probation Office and ordered by the Court.

8      8.    <u>Statement of Facts</u>

9      The parties agree on the following facts for purposes of supporting the factual basis for
10 the defendant's guilty plea and for calculating the base offense level of the sentencing
11 guidelines:

12     Beginning in or about January 2004 and continuing until November 18, 2004, within the
13 Western District of Washington and elsewhere, ALI MUHAMMAD BROWN and others known
14 and unknown did knowingly and wilfully combine, conspire, and agree to devise and execute a
15 scheme and artifice to defraud federally insured financial institutions, for the purpose of
16 obtaining moneys, funds, merchandise and credits under the custody and control of the federally
17 insured financial institutions.

18     The purpose of the conspiracy was to fraudulently obtain funds from the federally insured
19 financial institutions by depositing counterfeit and fraudulent checks into other individuals' bank
20 accounts with the knowledge and assistance of the account holders and then withdrawing funds
21 from these accounts before the checks were returned as uncollectible.

22     In furtherance of the conspiracy, on or about January 14, 2004, at Kent, Washington, the
23 defendant attempted to deposit a counterfeit check drawn on the Wells Fargo bank account of
24 Nurselink, Inc. into the Bank of America account of another individual who had been recruited
25 to participate in the scheme. The deposits of Bank of America were federally insured at this
26 time.

27

28

PLEA AGREEMENT/BROWN
(BROWN.PA)
-5-
UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

9. <u>Non-Prosecution of Additional Offenses</u>.

As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss the remaining counts in the Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119(1997).

10. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

11. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

12. <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his/her conditions of release (examples of which include, but are not limited to: obstruction of

PLEA AGREEMENT/BROWN
(BROWN.PA)

-6-

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and
2 | false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or
3 | Court), the United States is free under this Agreement to seek a sentence that takes such conduct
4 | into consideration. Such a sentence could include a sentencing enhancement under the United
5 | States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines
6 | range.

7     13.    **Completeness of Agreement.** The United States and Defendant acknowledge that
8 | these terms constitute the entire Plea Agreement between the parties.
9 | This Agreement only binds the United States Attorney's Office for the Western District of
10 | .  DATED this  9th  day of February, 2005.

_____
ALI MUHAMMAD BROWN
Defendant

_____
TERRENCE KELLOGG
Attorney for Defendant

_____
CARL BLACKSTONE
Assistant United States Attorney

PLEA AGREEMENT/BROWN
(BROWN.PA)

-7-

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970