HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. CR04-521C |
| v. ) | |
| ) | DEFENDANT'S SENTENCING |
| ASSALAAM, KARIM A., ) | MEMORANDUM |
| ) | |
| Defendant. ) | |

COMES now the defendant by and through counsel, PHILLIPS AND MAZZONE, LAWYERS, by Peter Mazzone, and provides this information contained herein and attached hereto in mitigation of punishment.

**A. STATUS OF CASE**

Mr. Assalaam entered a plea of guilty to one count of conspiracy to commit bank fraud on February 3, 2005. There is no agreed sentencing recommendation. The applicable offense level as determined by the government is 10 which, coupled with a

1

criminal history category of II, yields a guideline sentencing range of eight to fourteen months imprisonment. Because the guideline range falls in Zone C of the Sentencing Table, the minimum term may be satisfied by a sentence of imprisonment that includes a term of home detention provided that at least one-half of the minimum term is satisfied by imprisonment. U.S.S.G. Section 5C1.1(d)(2).

## B. OBJECTIONS TO THE PRESENTENCE REPORT

The initial presentence report (hereinafter PSR) in this case was received on April 18, 2005. Defense objections were timely made to paragraph 24 of that initial report. A second, revised PSR was received by the defense on May, 12, 2005. The objections and suggested clarifications were incorporated in that final report.

## C. DEFENSE RECOMMENDATION

The defense recommends that Mr. Assalaam be sentenced to 8 months imprisonment and that home detention or community custody be substituted for two months of that sentence. This represents the low end of the sentencing guideline range and is appropriate in this case for several reasons.

Mr. Assalaam is married and has six children, three of which have relatively severe medical problems. Two of his children from an earlier marriage, Karim (age 15), and Khalif (age 10), suffer from sickle cell anemia, whereas a third, Shakur (an infant), suffers from a serious medical condition which affects his stomach and digestive tract. Shakur is currently scheduled to undergo a surgical procedure sometime in the near future. Mr. Assalaam's wife, Karima, has been overwhelmed in her husband's absence, and needs his help to manage their sick children (as well as the household finances

2

discussed below).

Mr. Assalaam has spent the last six months in custody at the Federal Detention Center. This has taken a heavy toll on his young wife and his extended family (his mother, his wife and children and his brother, one of the co-defendants in this case, all live together) because he has been unable to help with the finances. During the last six months the family has received eviction notices for their inability to pay rent and, it is possible that by the time of Karim's sentencing, they will have been evicted from their home. Karima and her mother in law desperately need Mr. Assalaam back home so that he can go to work, help out with the finances, and contribute to the household.

Finally, it is worth mentioning that the only reason Mr. Assalaam's sentencing guideline range is 8-14 months, (zone C), rather than 6-12 months (zone B), is because of a 16 year old conviction for possession of cocaine with intent to deliver, for which he was released on May 23, 1991. Since that time, with the exception of the instant offense, he has remained essentially crime free, and has been drug free for many years. Looked at in this fashion, his criminal history "label" of category II is a bit misleading, albeit technically correct.

It was largely because of his dire financial situation (a situation greatly exacerbated by the medical condition of his children), that Mr. Assalaam initially became involved in the fraudulent scheme that he is now being sentenced for. Mr. Assalaam has accepted responsibility for what he has done and knows that his desperate financial situation is no excuse for engaging in the sort of fraudulent conduct that, in the end, hurt so many people including his own family. He wishes to make amends to everyone the

PHILLIPS AND MAZZONE, LAWYERS
2910 Colby Avenue, Suite 200, Everett, WA 98201
Phone (425) 259-4989  Fax (425) 259-5994

best way he can, and is committed to paying back restitution by working as hard as he can.

His friend Yusef Djuned, who owns a small janitorial business has agreed to employ Mr. Assalaam upon his release, although at the present time he only has 5-10 hours of work for him per week. Hopefully this situation will act as a springboard for Mr. Assalaam to gain full time meaningful employment so that he can once again provide for his family and take care of his children that need so much of his attention.

Mr. Assalaam has proven that he can bounce back from adversity. He managed to kick a drug habit and remained crime free for more than a decade before succumbing to financial pressures that led to his present legal problems. He is now committed to being there for his wife, his children and his family, and to right a wrong that has affected so many people in the best way he can. He hopes that the Court allows him to go back to his family immediately so he can begin looking for a job. Initially, he may have to take Mr. Djuned up on his offer, but his goal is to secure a full-time job that pays a decent salary so that he can begin to get his life back in order.

Respectfully submitted this 16th day of May, 2005.

PHILLIPS AND MAZZONE, LAWYERS

Peter Mazzone, WSBA #25262
Counsel for Defendant
2910 Colby Avenue, Ste. 200
Everett, WA 98201
(425) 259-4989 (voice)
(425) 259-5994 (fax)
Peterm@pmjustice.com